NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jessica.oliva@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUDIA ANN MERRILL,<br><br>Defendant. | Case No. 2:20-cr-00001-JCM-BNW<br><br>**Stipulation for a Protective Order** |

1.      On January 31, 2020, defendant Claudia Ann Merrill pleaded guilty to a one-count criminal information pursuant to a plea agreement. ECF Nos. 9, 11, 14. A sentencing hearing is set for December 4, 2020 in this case.

2.      Defendant has requested and the Government desires and intends to produce documents and information relevant to defendant's preparation for that sentencing hearing.

3.      The information in this case charges defendant with intentionally devising and participating in a scheme to defraud the United States Department of Veterans Affairs. Specifically, the information charges the defendant submitted materially false applications for Veteran's Pension and Aid and Attendance benefits in the names of veterans and surviving spouses and diverted the resulting benefits payments to defendant's control. The

documents and information to be provided to defendant include but are not limited to names, contact information, other personal identifying information, medical information, and financial information about these veterans and their surviving spouses (the "Protected Information"). The Protected Information is subject to this protective order.

4. The Government believes this order is necessary as the dissemination of the Protected Information could endanger the privacy and financial and medical information of these veterans and their surviving spouses.

5. In order to protect the privacy of these veterans and surviving spouses, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

    b. allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

    c. use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charge in the information or any further superseding information or indictment arising out of this case; or

    d. attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed

under seal or properly compliant with LR IC 6-1.

7. The Protected Information shall be segregated from discovery not containing PII, medical information, and financial information about the veterans and their surviving spouses, and Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with Defendant is fully redacted of any Protected Information.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice. Nothing in this stipulation is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charge in the Information.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

    c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. Notify the Court in writing under seal.

11. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

12. Undersigned counsel for the defense hereby stipulate to this protective order.

Respectfully submitted,

For the United States:

NICHOLAS A. TRUTANICH
United States Attorney

By: */s/ Jessica Oliva*
Assistant United States Attorney

For the Defendant:

*/s/ Sanford Shulman*
Sanford Shulman, Esq.
Counsel for defendant Claudia Ann Merrill

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00001-JCM-BNW |
| Plaintiff, | **Protective Order** |
| v. | |
| CLAUDIA ANN MERRILL, | |
| Defendant. | |

Based upon the Stipulation of counsel, and for good cause shown, it is hereby ORDERED as follows:

1. The parties' request for a Protective Order is GRANTED.

2. On January 31, 2020, defendant Claudia Ann Merrill pleaded guilty to a one-count criminal information pursuant to a plea agreement. ECF Nos. 9, 11, 14. A sentencing hearing is set for December 4, 2020 in this case.

3. Defendant has requested and the Government desires and intends to produce documents and information relevant to defendant's preparation for that sentencing hearing.

4. The information in this case charges defendant with intentionally devising and participating in a scheme to defraud the United States Department of Veterans Affairs. Specifically, the information charges the defendant submitted materially false applications for Veteran's Pension and Aid and Attendance benefits in the names of veterans and surviving spouses and diverted the resulting benefits payments to defendant's control. The documents and information to be provided to defendant include but are not limited to names, contact information, other personal identifying information, medical information, and financial information about these veterans and their surviving spouses (the "Protected

Information"). The Protected Information is subject to this protective order.

5. This order is necessary as the dissemination of the Protected Information could endanger the privacy and financial and medical information of these veterans and their surviving spouses.

6. In order to protect the privacy of these veterans and surviving spouses, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

7. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

   b. allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

   c. use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charge in the information or any further superseding information or indictment arising out of this case; or

   d. attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

8. The Protected Information shall be segregated from discovery not containing PII, medical information, and financial information about the veterans and their surviving

spouses, and Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with Defendant is fully redacted of any Protected Information.

9. Nothing in this Protective Order is intended to restrict the parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice. Nothing in this Protective Order is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charge in the Information.

10. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

11. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

    c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. Notify the Court in writing under seal.

**IT IS SO ORDERED**

**DATED:** 1:38 pm, October 29, 2020

7

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**